**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEAN-TAFT KELLEY GRAY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:25-13 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| WARDEN OF BLAIR COUNTY PRISON, | ) | |
| DISTRICT ATTORNEY OF | ) | |
| BLAIR COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 8) and amendment thereto (ECF 10) filed by Jean-Taft Kelley Gray under 28 U.S.C. § 2241. For the reasons below, the Court will dismiss all of Gray's claims because they are moot. The Court will also deny a certificate of appealability.

I.    **Relevant Background**[2]

When Gray commenced this habeas case he was a pre-trial detainee housed at the Blair County Jail. He was awaiting his trials to be held in the Court of Common Pleas of Blair County at criminal docket numbers CP-07-CR-0000585-2020, CP-07-CR-0000674-2024, and CP-07-CCR-0001201-2024. In his Petition for a Writ of Habeas Corpus (ECF 8), as amended (ECF 10), which he filed under 28 U.S.C. § 2241, he raised a number of claims challenging his pre-trial proceedings, including claims asserting prosecutorial and police misconduct and ineffective

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. (ECF 9, 19.)

[2] The following background is taken from information provided by Respondents in their Answer (ECF 24), to which they have attached the relevant parts of the state court record.

assistance of counsel. He also alleged that his right to a speedy trial had been violated. (ECF 8 at 6-8; ECF 10.)

In their Answer (ECF 24), Respondents explain that in March 2026, Gray pleaded guilty and was sentenced in the Court of Common Pleas to charges filed against him in each of the criminal cases at issue in this habeas case. Accordingly, Respondents assert, all of Gray's claims are moot and must be dismissed for that reason. Gray did not file a reply. See LCvR 2241(D)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response.")

## II.    Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (citing *Peyton v. Rowe*, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a).

While § 2254 applies to post-trial situations, the more general habeas corpus statute, 28 U.S.C. § 2241, does provide federal courts with jurisdiction to issue a writ of habeas corpus filed by a state pretrial detainee, but only in very limited circumstances. The United States Court of Appeals for the Third Circuit has warned that jurisdiction over a state prisoner's § 2241 pretrial petition "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial

habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46). Additionally, regardless of whether a state prisoner is proceeding under § 2241 or § 2254, and except in very rare circumstances that do not apply here, a petitioner must first exhaust his available state-court remedies before he may proceed with his claims in federal court. 28 U.S.C. § 2254(b), (c); *see, e.g.*, *Breakiron v. Wetzel*, No. 2:14-cv-570, 2015 WL 451167, *7 (W.D. Pa. Feb. 3, 2015) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) and *Moore*, 515 F.2d at 441).

Respondents are correct that this habeas case is now moot because Gray is no longer a pretrial detainee. Therefore, the Court will dismiss all claims raised in the Petition and amendment thereto for that reason. *See, e.g.*, *Williams v. New Jersey,* No. 18-cv-14964, 2020 WL 3259223, at *2 (D.N.J. June 16, 2020) (state prisoner's guilty plea moots his § 2241 habeas petition challenging pretrial detention); *Jones v. Mullen,* No 17-cv-1366, 2017 WL 7691900, at *2 (W.D. Pa. Dec. 8, 2017) ("where a habeas petitioner is challenging pretrial custody, after the petitioner is convicted, the habeas petition challenging the pretrial custody is rendered moot by the conviction."), report and recommendation adopted by, 2018 WL 889027 (W.D. Pa. Feb. 14, 2018). The dismissal is without prejudice to Gray raising habeas claims in a petition filed under § 2254 after he has exhausted his available state court remedies.

Because jurists of reason would not find it debatable whether all of Gray's § 2241 claims should be dismissed as moot, a certificate of appealability is denied with respect to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Date:  May 29, 2026                          /s/ Patricia L. Dodge
                                             PATRICIA L. DODGE
                                             UNITED STATES MAGISTRATE JUDGE